UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIEL ANTONIO FOUNTAIN, SR.,**

    **Plaintiff,**

                                    **Civil Action 2:13-cv-271**
    v.                          **Judge Gregory L. Frost**
                                    **Magistrate Judge Elizabeth P. Deavers**

**WARDEN, FRANKLIN MEDICAL
CENTER,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's failure to comply with this Court's Orders directing him to provide his current address. For the reasons that follow, it is **RECOMMENDED** that this action be *sua sponte* **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

### I.

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, initiated this action on March 22, 2013. (ECF No. 1.) Upon conducting an initial screen pursuant to 28 U.S.C. § 1915(e), on April 12, 2013 the Court permitted Plaintiff to proceed with his claims and granted his Motion to Proceed Without Prepayment of Fees. (ECF No. 5.) The Clerk mailed a copy of the Court's April 12, 2013 Order to Plaintiff at his last known address at the Franklin Medical Center. (ECF No. 6.) Because Plaintiff had failed to provide appropriate summons forms for the United States Marshal to perfect service, the Clerk also enclosed a deficiency letter and blank summons forms. The Order and its enclosures were returned as undeliverable, with

indication that Plaintiff had been released from incarceration.  On April 24, 2013 and again on May 17, 2013, this Court issued Orders directing Plaintiff to provide the Court with his current address.  (ECF Nos. 7 and 9.)  In each of its Orders, the Court cautioned Plaintiff that failure to provide his current address would result in dismissal of this action for failure to prosecute.  *Id.*  Both of the Court's Orders were mailed to Plaintiff at his last known address.  The Court's April 24, 2013 Order was subsequently returned as undeliverable.  (ECF No. 8.)  To date, Plaintiff has not provided the Court with his current address or with appropriate service materials.

## II.

A plaintiff has an affirmative duty to notify the Court of any change in address.  *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* plaintiff's] address changed, he had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Petitioner demonstrates a lack of prosecution of his action.").

A plaintiff's failure to supply the Court with an updated address subjects the action to dismissal under Federal Rule of Civil Procedure 41(b).  Fed. R. Civ. P. 41(b) (providing for dismissal where "the plaintiff fails to prosecute . . . ."); *see also Kosher v. Butler Cnty. Jail*, No. 1:12-cv-51, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) (citing *Buck v. U.S. Dep't of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608-09 (6th Cir. 1992)) ("Without such basic

information as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.") (Report and Recommendation Adopted). "When contemplating dismissal of an action under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* (citing *Stough v. Mayville Comty Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)); *see also Sullivan v. Waffle House*, No. 1:06-cv-63, 2006 WL 3007360 (E.D. Tenn. Oct. 19, 2006) (applying the four-point inquiry to a plaintiff's failure to update his address).

Here, Plaintiff has failed to provide his current address despite multiple Orders from this Court directing him to do so. Applying the four-factor inquiry to this case, the Court concludes that dismissal is appropriate for Plaintiff's failure to prosecute. First, Plaintiff's failure to update his address demonstrates reckless disregard for how his actions, or lack of action, impact his case. *See Sullivan*, 2006 WL 3007360, at *2 ("While the Court cannot conclude that Plaintiff has displayed an intent to thwart judicial proceedings, the Court does conclude that his failure to update his address exhibits a reckless disregard for the effect of his conduct on these proceedings."). Plaintiff has left the Court and Defendants with no way to contact him regarding his case. He has provided no means of receiving notification when motions are filed or other proceedings occur requiring his response or opposition.

The Court finds that the second factor applies neutrally, as the record does not contain evidence that Defendants have suffered prejudice at this juncture.

With respect to the third factor, Plaintiff has been warned twice that the failure to update his address will result in dismissal of this action.  He was warned once in this Court's April 9, 2013 Order directing him to provide his current address.  *See* April 24, 2013 Order 2, ECF No. 7 ("Failure to [provide your current address] will result in dismissal of ths case for failure to prosecute.").  He was warned again in the Court's May 17, 2013 Order.  *See* May 17, 2013 Order 2, ECF No. 9 ("Failure to [provide your current address] **WILL RESULT IN DISMISSAL OF THIS CASE FOR FAILURE TO PROSECUTE**.") (emphasis in original); *see also id.* ("**NO FURTHER WARNINGS WILL BE PROVIDED TO PLAINTIFF REGARDING THIS MATTER**.") (emphasis in original).  Although the Court's April 24, 2013 Order was returned as undeliverable, the Court has nevertheless attempted to warn Plaintiff that his conduct will result in dismissal of this action.  *See Sullivan*, 2006 WL 3007360, at *2 (dismissing action even though the Court's warnings did not reach the plaintiff due to his failure to update his address).

Finally, the Court concludes that there is no sanction less drastic than dismissal that would be appropriate under the circumstances.  There is no sanction the Court could impose that would reach Plaintiff because he has left this Court with no means of contacting him.  *See id.* ("[E]ven if the Court were to implement sanctions less drastic than dismissal, the case would remain stalled due to the Court's inability to communicate with Plaintiff.").  Accordingly, the Undersigned finds that dismissal of this action is appropriate.

### III.

For the reasons set forth herein, it is **RECOMMENDED** that this action be *sua sponte* **DISMISSED** pursuant to Rule 41(b) for failure to prosecute.

### IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: June 7, 2013                                                       */s/ Elizabeth A. Preston Deavers*
                                                                                Elizabeth A. Preston Deavers
                                                                                United States Magistrate Judge